UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80169-CR-Rosenberg/Matthewman

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEVEN KAHN,

    Defendant.
_____/

FILED BY _____ D.C.

FEB 06 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## BOND REVOCATION AND DETENTION ORDER

The Defendant, Steven Kahn, appeared before the Court on February 5, 2020, for a hearing on the Petition for Request to Show Cause on Conditions of Pretrial Release [DE 50] filed by the U.S. Probation Office. The relevant procedural history of this case is as follows.

### I. Background

On September 25, 2019, at Defendant's initial appearance, the undersigned released him on a $350,000 personal surety bond co-signed by his daughter and collateralized by Defendant's property. [DE 17]. The Court imposed all standard conditions, including that Defendant not commit any act in violation of state or federal laws, and certain special conditions. *Id.*

On February 3, 2020, the U.S. Probation Office submitted a Petition for Request to Show Cause on Conditions of Pretrial Release ("Petition") [DE 50]. According to the Petition, on January 27, 2020, police were dispatched to Defendant's residence, where a female occupant was found unresponsive and later died from a drug overdose. *Id.* Crime scene investigators recovered illegal narcotics from Defendant's residence. *Id.*

1

## II. Summary of Hearing

At the February 5, 2020 hearing, the Court took judicial notice of the Petition and the original Pretrial Services Report. The Court heard the sworn testimony of U.S. Probation Officer Donn Grice, the Government's proffer, defense counsel's proffer, and the positions of defense counsel and Government counsel. The Court also admitted into evidence, without objection, Government's Exhibit 1, which is a series of photographs of Defendant's residence and the drugs found there. The Government's proffer, the Government's evidence, and the testimony of U.S. Probation Officer Donn Grice established that Defendant's bond conditions must be revoked and that Defendant must be detained pretrial. The relevant facts are as follows.

On January 27, 2020, paramedics and police responded to a call at Defendant's residence, which is a home located in Boca Raton, Florida, solely owned by Defendant. They found a 23-year-old woman naked and unconscious in Defendant's bedroom. She later died at the hospital. The woman's death is currently classified as an accidental overdose, but law enforcement is in the process of conducting a homicide investigation.

Defendant told law enforcement that he met a woman on a website called SecretArrangements.com, which requires payment before an individual can create an account. The woman that Defendant met on the escort website then introduced him to the 23-year-old woman who overdosed at his house. Defendant also admitted to having a sexual encounter with the woman found at his residence, but he acknowledged that he did not know her name.

Law enforcement later found two controlled substances—marijuana and MDMA (commonly referred to as Ecstasy)—as well as a bong with possible marijuana residue, in Defendant's house. The drugs were found in a separate area of the house from the deceased woman's personal belongings. The bong was found in Defendant's bedroom closet. Defendant's

housekeeper later told law enforcement that she had seen Defendant use cocaine and that he had had young women over at the house on multiple occasions. The Government's proffer did not, however, provide any date range for the housekeeper's alleged observation of Defendant's conduct. Defendant was drug tested one or two days before the February 5th hearing, and his drug test came back negative. However, drugs such as cocaine and MDMA only typically show up on a drug test within three to five days of use.

The Government is also investigating Defendant for possible money laundering through a bank account in his daughter's name, but the Government is waiting for subpoena returns before it can substantiate these allegations against Defendant. If Defendant did utilize his daughter's account for money laundering, such conduct could be a separate basis for bond revocation.

### III. Analysis

#### A. Applicable Law

Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 further provides that the Court

> shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is...probable cause to believe that the person has committed a federal, state or local crime on release or clear and convincing evidence that the person has violated any other condition of release; and finds that...based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community or the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b)(1)-(b)(2)(B); *United States v. Wingo*, 490 Fed. Appx. 189, 190-91 (11th Cir. 2012); *United States v. Molina*, 15-80222-CR-Marra/Matthewman, 2016 WL 2344577 (S.D. Fla.

May 3, 2016); *United States v. Abovyan*, 18-80122-CR-Middlebrooks, 2018 WL 4203687 (S.D. Fla. Aug. 31, 2018). Additionally, in a case where "there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any person or the community." 18 U.S.C. § 3148(b)(2).

### B. Probable Cause for Defendant's Commission of Prostitution and Lewdness Offenses under Fla. Stat. § 796.07

In this case, Defendant paid to access the website, through which he procured, at least indirectly, the 23-year-old woman found nude and unconscious in his bedroom. Thus, some form of payment was utilized by Defendant to procure the now-deceased 23-year-old woman. However, whether or not Defendant paid any money to the now-deceased 23-year-old woman is largely irrelevant, "...because the crime of soliciting prostitution does not require the actual exchange of money." *Lans v. Stuckey*, 203 F. Appx. 956, 959 (11th Cir. 2006).

In this case, the facts and proffer heard by the Court establish that there is clearly probable cause for Defendant's commission of the offense of solicitation of prostitution or lewdness under Fla. Stat. § 796.07. First, the now-deceased 23-year-old female was found unconscious and nude in Defendant's bedroom. Second, Defendant did not even know the 23-year-old's name. Third, Defendant admitted having sex with the woman. Fourth, Defendant procured the woman's presence in his home through an escort website and through another woman he met on that website. Fifth, Defendant is approximately 62 years of age, and the nude, unconscious woman was 23 years of age. All of these facts establish probable cause for Defendant's commission of the crime of solicitation of prostitution or lewdness under Fla. Stat. § 796.07.

The Court finds that, based on these facts and proffer, there is probable cause that

4

Defendant violated Fla. Stat. § 796.07(2)(a) (owning any place for the purpose of lewdness, assignation, or prostitution); Fla. Stat. § 796.07(2)(b) (to offer another for the purpose of prostitution or for any other lewd or indecent act); Fla. Stat. § 796.07(2)(c) (to receive any person into any place for the purpose of prostitution, lewdness, assignation, or to permit any person to remain there for such purpose); Fla. Stat. § 796.07(2)(e) (to offer to commit, or to commit, or to engage in, prostitution, lewdness, or assignation); and Fla. Stat. § 796.07(2)(i) (to purchase the services of any person engaged in prostitution).

### C. Probable Cause for Defendant's Commission of Drug Possession Crimes

The Court additionally finds that there is probable cause to believe Defendant has committed the crimes of possession of MDMA, in violation of Fla. Stat. § 893.13, and possession of marijuana, in violation of Fla. Stat. § 893.13. The MDMA and marijuana were in plain view in Defendant's house, which is solely owned by Defendant. The drugs were also found in separate areas of the house from the 23-year-old woman and from her belongings. The Government has, at the very least, established joint possession of the two illegal drugs. And, since the drugs were found in plain view in the residence solely owned by Defendant while Defendant was home, there is probable cause that he actually or constructively possessed the MDMA and marijuana.

### D. Rebuttable Presumption under 18 U.S.C. § 3148(b)(2)

Since possession of MDMA is a felony under Florida law, Fla. Stat. § 893.13, and since the Court finds that there is probable cause for Defendant's commission of the crime of possession of MDMA under Florida law, the rebuttable presumption of dangerousness in 18 U.S.C. § 3148(b)(2) applies. The Court finds that Defendant has not sufficiently rebutted the statutory presumption. Further, the Court finds by clear and convincing evidence that Defendant is a danger to the safety of any other person or the community.

## IV. <u>Conclusion</u>

The Court finds that the above law, facts, and proffer require the revocation of Defendant's bond and his pretrial detention. In sum, pursuant to 18 U.S.C. § 3148(b)(1)(A), the Court first finds that there is probable cause to believe that Defendant has committed a Federal, State or local crime while on release.[1] Second, the Court finds, pursuant to 18 U.S.C. § 3148(b)(2)(A), that, based on the factors set forth in 18 U.S.C. § 3142(g), which this Court has carefully considered, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community. Third, the Court finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Defendant is unlikely to abide by any condition or combination of conditions of release.

Based upon the evidence presented at the hearing, the proffer and evidence from the Government, the testimony of Probation Officer Grice, counsel's arguments, and a complete review of the file, and as stated on the record on February 5, 2020, the Court finds that, based on the factors set forth in 18 U.S.C. §3142(g), which the Court has carefully considered, there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community. This is especially true as to Defendant's dangerousness in light of the statutory rebuttable presumption in 18 U.S.C. § 3148(b)(2), discussed above.

Further, the Court finds that Defendant is unlikely to abide by any condition or combination of conditions of release. Defendant has flagrantly violated his release conditions by

---

[1] In light of the Court's finding of probable cause under 18 U.S.C. § 3148(b)(1)(A), the Court declines to make a finding under 18 U.S.C. § 3148(b)(1)(B) as to whether there exists clear and convincing evidence that Defendant has violated any other condition of release, as such a finding is unnecessary. However, the Court reserves jurisdiction to make a finding under 18 U.S.C. § 3148(b)(1)(B) if it becomes necessary in the future. If a determination under 18 U.S.C. § 3148(b)(1)(B) becomes necessary in the future, the Court will re-open the hearing to allow the parties to present whatever additional relevant evidence, testimony, or proffer they wish to present.

his criminal conduct, which appears to have led, at least in part, to the death of a 23-year-old woman from a drug overdose in Defendant's bedroom. The Court simply no longer trusts Defendant to comply with any of its orders or release conditions. Therefore, the Court orders that Defendant's bond be revoked and that Defendant be detained pursuant to 18 U.S.C. § 3148 and 18 U.S.C. § 3142.

Accordingly, **IT IS HEREBY ORDERED** that that Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of a court appearance.

**DONE and ORDERED** in open court at West Palm Beach, Palm Beach County, in the Southern District of Florida, on the 5th day of February, 2020, and signed this 6th day of February, 2020.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE